Case 7:21-cv-00093 Document 12 Filed on 12/02/21 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LUIS ARNOLDO CURIEL-TREVINO, | § § | |
| Petitioner, | § § | |
| VS. | § | CIV. NO. 7:21-00093 |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

## REPORT & RECOMMENDATION

Pending before the Court is Respondent's Response and Motion to Dismiss Petitioner's Motion for Return of Property ("Respondent's Motion to Dismiss").[1] (Dkt. No. 5.) Petitioner, Luis Arnoldo Curiel-Trevino, sought recovery of a cellular phone and a vehicle seized by agents with the Department of Homeland Security on July 17, 2019, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure ("Petitioner's Motion"). (Dkt. No. 1.) Thereafter, the parties agreed that Respondent would reimburse Petitioner $3,500 in exchange for resolution of the legal dispute as to both the cellular phone and the vehicle. (FTR Log Notes, 7:21-cv-93 CURIEL-TREVINO, MDC-814-MJFA, at 2:46:38 p.m. to 2:49:00 p.m. and 2:54:33 p.m. to 2:54:55 p.m. timestamps.) Petitioner has received the $3,500 payment. (Dkt. No. 11 at 1, ¶ 1; Dkt. No. 11-1 at 1-2.)

Accordingly, after reviewing the motions, replies, relevant law, evidence, and the agreement, the undersigned recommends Petitioner's Motion be **DISMISSED with prejudice** and

---

[1] Respondent's Motion to Dismiss is properly converted to a motion for summary judgment. *See infra* Section II.

1

Respondent's Motion to Dismiss, reconstrued as a motion for summary judgment, be **DENIED as moot**.

Further, the scheduled status conference for December 15, 2021 at 2:00 p.m. is cancelled.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner is serving a 46-month sentence of imprisonment pursuant to a judgment of this Court for the offense of illegally exporting ammunition from the United States in violation of 18 U.S.C. §§ 554(a) and 2.[2] Said offense occurred on July 17, 2019.[3] Petitioner filed a *pro se* Motion for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Dkt. No. 1.) The property at issue consisted of the Volkswagen Petitioner was driving at the time of his arrest and an iPhone found in his possession. *See id.* at 1. Petitioner's Motion was properly construed as a civil action for the return of property.

On May 17, 2021, Government filed Respondent's Motion to Dismiss. (Dkt. No. 5.) Attached to this motion to dismiss are several exhibits, including (1) a Homeland Security Investigations (HSI) business records affidavit (Dkt. No. 5-1), (2) HSI business records regarding notification of seizure of the cellular phone at issue and subsequent destruction of said cell phone on March 10, 2020 (Dkt. No. 5-2), (3) a U.S. Customs and Border Protection (CBP) business records affidavit (Dkt. No. 5-3), (4) Notice of Seizure as to Petitioner's vehicle (2013 Volkswagen GOL) (Dkt. No. 5-4), (5) CBP Notice of Seizure and Information to Claimants – Non-CAFRA[4] Form as to ammunition and vehicle, dated August 27, 2019 and addressed to Petitioner's home

---

[2] *United States v. Curiel-Trevino*, Criminal Action No. 7:19-CR-1488, Crim. Dkt. No. 27 (Judgment).

[3] *Id.*; Crim. Dkt. No. 1 (Criminal Complaint).

[4] CAFRA is in reference to the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202. "CAFRA enacted 18 U.S.C. §§ 983 and 985 and 28 U.S.C. §§ 2466 and 2467, and amended various sections in various titles throughout the [Federal] Code." § 25.07 n.42, CIVIL ASSET FORFEITURE REFORM ACT OF 2000 (CAFRA), FMNYL § 25.07, 25-20.

2

residence (Dkt. No. 5-5), and (6) vehicle auction records (Dkt. No. 5-6). On May 18, 2021, the Government filed an additional exhibit, the U.S. Department of Homeland Security, U.S. Customs and Border Protection, Declaration of Administrative Forfeiture as to ammunition and vehicle seized in July 2019. (Dkt. No. 6.)

Based on these documents, Government argues Petitioner's Motion should be dismissed for failure to state a claim. (Dkt. No. 5 at 5, ¶ 12.) Government noted the cell phone was destroyed and the vehicle was administratively forfeited and sold at auction for $3,500. (Dkt. No. 5 at 4, ¶ 8.) Since notice was not sent to the facility where Petitioner was incarcerated due to his arrest in the criminal matter, the Government stated it would tender the proceeds of the auction, $3,500, to Petitioner. (Dkt. No. 5 at 3, ¶5; 4, ¶8.) Petitioner filed a response to said documents asserting he was not provided adequate notice as to the whereabouts of his property and requesting the property returned. (Dkt. No. 7 at 3.)

On June 25, 2021, a status hearing was held wherein the Government echoed its willingness to reimburse $3,500 to Petitioner for the seized Volkswagen vehicle, conditioned upon dismissal of Petitioner's Motion with prejudice. (FTR Log Notes, 7:21-cv-93 CURIEL-TREVINO, MDC-814-MJFA, at 2:35:25 p.m. to 2:36:48 p.m. timestamp.) The Government also confirmed Petitioner's cell phone had been destroyed and the Government was not offering settlement regarding said phone. *Id.* at 2:37:29 p.m. to 2:38:20 p.m. timestamp. Petitioner agreed to the $3,500 amount in exchange for resolving the legal dispute as to both the cellular phone and the vehicle. *Id.* at 2:46:38 p.m. to 2:49:00 p.m. and 2:54:33 p.m. to 2:54:55 p.m. timestamps.

Subsequently, on June 28, 2021, the undersigned ordered (the "Order") the U.S. Department of Homeland Security to reimburse Petitioner $3,500 by payment to Petitioner's account at the U.S. Bureau of Prisons. (Dkt. No. 8 at 1.) The undersigned also noted that upon

3

verification of payment to Petitioner being presented to the undersigned, by agreement of all parties, the matter would be recommended for dismissal with prejudice. *Id.* at 2. Petitioner was notified at the status hearing and through the Order that dismissal with prejudice means Petitioner will not be able to file any additional lawsuits or make any further claims in connection to the seizure of the cellular telephone and/or the vehicle seized on July 17, 2019. *Id.*; FTR Log Notes, 7:21-cv-93 CURIEL-TREVINO, MDC-814-MJFA, at 2:43:17 p.m. to 2:44:17 p.m. and 2:54:57 p.m. to 2:55:57 p.m. timestamps.

Accordingly, the Government filed Respondent's Status Report Confirming Payment of $3,500 to Petitioner'[s] Account. (Dkt. No. 11.) In it, the Government states it has made the discussed payment to Petitioner, confirmation of which was provided by a signed USPS Return Receipt showing the payment was mailed to and received by Petitioner. (Dkt. No. 11 at 1, ¶ 1; Dkt. No. 11-1 at 1-2.) The Government now asserts it believes all matters in controversy relating to the instant case are resolved and Petitioner's Motion should be dismissed with prejudice. (Dkt. No. 11 at 1, ¶ 2.)

## II. RULE 12(b)(6) STANDARD CONVERTED TO SUMMARY JUDGMENT

Pursuant to Federal Rules of Civil Procedure Rule 12(d), Respondent's Motion to Dismiss under Rule 12(b)(6) must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d), 12(b)(6), 56. Rule 12(d) requires this conversion when "matters outside the pleadings are presented to and not excluded by the court," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). A non-moving party receives adequate notice of the conversion to summary judgment when he or she is "aware that the movant has placed matters outside the pleadings before the district court for its review." *Guiles v. Tarrant Cnty. Bail Bond Bd.*, 456 F. App'x 485, 487 (5th Cir. 2012). Further,

when a petitioner "files a Rule 41(g) motion after the criminal proceedings have concluded, we [the Fifth Circuit] treat the motion as a civil action under 28 U.S.C. § 1331 and treat the district court's denial of that motion as a grant of summary judgment in favor of the government." *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014) (citing *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000)).

### III. SUMMARY JUDGMENT LEGAL STANDARD

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(c)(1). "[T]he moving party may meet its burden by simply 'pointing to an absence of evidence to support the nonmoving party's case.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005) (quoting *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Once the movant for summary judgment presents "a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted). Within this review, a district court must generally construe disputed facts in a light favorable to the nonmoving party. *Anderson*, 477 U.S. at 255.

### IV. MOTION FOR THE RETURN OF PROPERTY UNDER RULE 41(g)

When a petitioner files a motion for the return of property after its criminal proceedings have ended, the government bears the evidentiary burden to show whether a petitioner is entitled to the seized property. *Oduu*, 564 F. App'x 127 at 130; *Osamor v. United States*, No. 4:09CV1500, 1200 WL 11668149, at *8 (S.D. Tex. Nov. 5, 2010) (citing *United States v. Dean*, 100 F.3d 19, 20 (5th Cir. 1996)). A motion for the return of property applies only to property remaining in the government's possession, not property the government forfeited. *Bailey v. United States*, 508 F.3d 736, 739 (5th Cir. 2007). If the district court finds that the government no longer possess the property, "the motion must be denied because the government cannot return property it does not possess." *Id.* at 740. Furthermore, the government is protected from monetary damage awards by the doctrine of sovereign immunity under Rule 41(g). *Id.* (citing *Peña v. United States*, 157 F.3d 984, 986 (5th Cir. 1998)). However, the district court should allow a petitioner to amend pleadings to assert a claim the petitioner may have under any "other applicable law" when appropriate in regard to said property request. *Id.* (citing *Peña*, 157 F.3d at 986).

### V. ANALYSIS

As agreed upon at the status hearing and set forth in the June 28, 2021 Order, the matter before the undersigned has concluded via an agreement between the Petitioner and the Government wherein Government reimbursed Petitioner $3,500 in exchange for dismissal of this matter with prejudice. (FTR Log Notes at 2:54:33 p.m. to 2:54:55 p.m. and 2:54:57 p.m. to 2:55:57 p.m. timestamps; Dkt. No. 8 at 1-2.) Petitioner received the $3,500 payment from Government. (Dkt. No. 11, ¶ 1; Dkt. No. 11-1 at 1.) As such, there is no longer a live controversy between the parties. Therefore, and pursuant to the agreement between the parties, the undersigned recommends Petitioner's Motion be dismissed with prejudice.

## VI. CONCLUSION

*Recommended Disposition*

Accordingly, after a careful review of the filings, record, relevant law, and the agreement between the parties, and for the reasons set forth above, the undersigned recommends that the Petitioner's Motion (Dkt. No. 1) be **DISMISSED with prejudice** for the reasons noted and the Respondent's Motion to Dismiss (Dkt. No. 5), reconstrued as a motion for summary judgment, be **DENIED as moot.**

The scheduled status conference before the undersigned for Wednesday, December 15, 2021 at 2:00 p.m. is hereby cancelled.

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Report and Recommendation to Petitioner.

DONE at McAllen, Texas, this 2nd day of December, 2021.

Juan F. Alanis
United States Magistrate Judge